In re Edilberto Colón MARRERO, Debtor.

Bankruptcy No. B-79-00370(B).

United States Bankruptcy Court, D. Puerto Rico.

Nov. 24, 1980.

Charles A. Cuprill-Hernández, Ponce, P. R., Attorney for Edilberto Colón Marrero.

## AMENDED ORDER

W. H. BECKERLEG, Bankruptcy Judge.

On November 1, 1979, debtor filed proceedings under Chapter 13 of the Bankruptcy Reform Act of 1978, and debtor's plan to pay $335.00 a month was confirmed at a hearing held January 30, 1980 (Order entered February 27, 1980.)

The trustee advised the Court that debtor has made no payments under his plan. On May 29, 1980, an order was entered directing debtor's employer, Casco Sales Company, Inc., to make such payment; employer did not, but advised the trustee that debtor was not an employee.

On October 20, 1980, we issued an order directing debtor to show cause why this

---

case should not be dismissed for failure to comply with the plan. To this order, debtor responded setting forth that an accident on May 6, 1980 to his right knee had required an operation thereon, had disabled debtor, and will continue to disable him for an indefinite period; debtor also alleged that as a direct consequence of his injury he was unable to work, his only income was from the rent of the residence, and has therefore been unable to pay. Debtor also requested a hardship discharge under Sec. 1328(b).

The motion of debtor requesting a hardship discharge is denied. Sec. 1328(b) provides:

"At any time after confirmation of the plan and after notice and a hearing, the Court may grant a discharge to a debtor that has not completed payments under the plan..."

Sec. 1328(b) also sets forth three conditions precedent, each of which must be met, to the relief requested by debtor.

The first such condition is that debtor's failure to complete the payments is due to circumstances for which debtor should not be held accountable; the second incorporates the "best interest" rule, and the third condition is that a modification of the plan is not practicable.

As to the first condition, debtor alleges that as a result of his accident he is unemployed; as to the second condition, he alleges that this is a zero asset case, and had his estate been liquidated under Chapter 7, the creditors would have received no dividend. As to the final condition, debtor claims he can not modify his plan for his disability continues and will continue for an undeterminable period.

Thus, debtor argues that he has fulfilled requirements of Sec. 1328(b). While debtor's trustee accepts that this is a zero asset estate, there is no showing that debtor's incapacity is permanent, or that he may not again be gainfully employed even during the unexpired term of the plan.

Sec. 1329 permits debtor to modify his plan at any time "after confirmation, but before *completion* of payments under the

plan." Such an alternative would appear to be open yet to debtor.

Sec. 1328(b), quoted above, must be read in conjunction with Sec. 1328(a) which provides that:—

"... after completion by the debtor of all payments under the plan... the Court shall grant the debtor a discharge..."

The key word is "completed." A debtor that has not started payments under a plan cannot be said to have not completed payments. To complete implies that something which was begun is now finished or made whole. From the facts of the present case, debtor would not qualify under Sec. 1328(b) for he has made no payments under the plan.

This Court has not adopted the practice of confirming nominal payment plans in zero asset Chapter 13 cases. We are not prepared to achieve the same result through the vehicle of Sec. 1328(b).

Under the circumstances of the case, we grant debtor a term of 30 days from date to file a modification to his plan or to request conversion, as appropriate. Absent such a request within the time allowed, the case will be dismissed.